101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Jeanette CUEVAS, Defendant,
Carl Mariette, Defendant-Appellant.
 No. 94-1673.
 United States Court of Appeals, Second Circuit.
 April 22, 1996.
 
 APPEARING FOR APPELLANT:Lawrence Barocas, Barocas & Schmidt, P.C., New York, New York.
 APPEARING FOR APPELLEE:Douglas M. Lankler, Assistant United States Attorney for the Southern District of New York, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Before ALTIMARI, MAHONEY and WALKER, Circuit Judges.
 
 
 1
 On remand from the Supreme Court of the United States, following an appeal from the United States District Court for the Southern District of New York (Kevin Thomas Duffy, Judge ), affirmance of that court's judgment by summary order, and a petition for certiorari to the Supreme Court of the United States.
 
 
 2
 This cause came on to be heard on remand from the Supreme Court of the United States and was submitted on letter briefs.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for resentencing.
 
 
 4
 1. Defendant-appellant Carl Mariette appeals from a judgment of the United States District Court of the Southern District of New York that convicted him of (1) conspiring to distribute heroin and to possess heroin with the intent to distribute it in violation of 21 U.S.C. § 846; (2) possessing heroin with intent to distribute it in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C); (3) possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g); and (4) using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. §§ 924(c) and 2. We affirmed the judgment of conviction on all counts by summary order entered May 30, 1995, ruling on the § 924(c) count that in light of existing Second Circuit precedent, the location of the pertinent firearm "in the same drawer as a substantial amount of narcotics and a large amount of cash," in a room that also contained "bulletproof vests, ammunition and more narcotics," sufficed to sustain Mariette's conviction.
 
 
 5
 2. Mariette petitioned for certiorari to the Supreme Court. The Court then decided in Bailey v. United States, 116 S.Ct. 501 (1995), that "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." Id. at 509. Following its decision in Bailey, the Court granted certiorari in this case, vacated our judgment, and remanded for reconsideration in light of Bailey. Mariette v. United States, 116 S.Ct. 667. We then solicited letter briefs from the parties.
 
 
 6
 3. In its letter brief, the government conceded that Bailey required that Mariette's § 924(c) conviction be vacated, stated that the government did not intend to retry Mariette on the § 924(c) charge, and requested that the case be remanded for resentencing on the remaining counts, including the possibility of a sentence enhancement pursuant to USSG § 2D1.1(b)(1) for possession of a dangerous weapon in connection with a drug trafficking offense. Mariette's counsel concurred that the § 924(c) conviction should be vacated and the case should be remanded for resentencing. Accordingly, we vacate Mariette's conviction on the § 924(c) count, affirm his conviction on the remaining counts, and remand for resentencing.